UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
_____Division

| | | |
|---|---|---|
| DEBRA HENRY, | ) | Case No. 20-cv-80729-XXXX |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | Jury Trial. Not requested |
| v. | ) | |
| | ) | |
| RONALD DESANTIS, | ) | |
| in his official capacity as, | ) | |
| GOVERNOR OF THE | ) | |
| STATE OF FLORIDA, | ) | |
| | | |
| Respondent. | | |

# COMPLAINT AND MOTION FOR EMERGENCY INJUNCTIVE RELIEF

Comes now, Debra Henry, (hereinafter "Petitioner"), by and through the undersigned counsel, pursuant to the First Amendment; Ninth Amendment; and Fourteenth Amendment of the United States Constitution; and Article I, Section 1, 2, and 5; Article IV section 1 of the Florida Constitution and files this complaint and emergency motion for injunctive relief vacating Respondent's Order of April 29, 2020 and the prior Orders regarding same. In support thereof, counsel alleges the following:

## Jurisdiction

1. Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. This case involves a federal question. Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents*

1

*of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.

## Standing

2. Petitioner has standing. Standing has three minimum requirements that are as follows: (1) injury in fact; (2) causation; and (3) redressability. Petitioner's injury is that she lost not only her job at Pit Row, but also her job at Buffalo Wild Wings as a direct result of Respondent's Order, which is causation. The redress is the federal injunctive relief to strike the Order.

## Facts

3. Petitioner is a sixty-one-year-old grandmother of four and mother of two sons. She has been in the bar industry for forty years and she used to own her own bar in West Virginia. She has been working in Palm Springs, Palm Beach County, Florida at a bar called Pit Row since 2017. She also worked at Buffalo Wild Wings prior to the Order.

4. April 29, 2020, Respondent entered an Order indefinitely extending his previous order closing Petitioner's place of work. (See attached exhibits A & B). The Order on April 29, 2020, extending the previous Order specifically allowed for some business to open at a lower capacity while others are ordered to remain shut down. Including but not limited to county lines.

5. As of March 17, 2020, based on Respondent's previous orders regarding same Petitioner's employment was terminated.

## Legal Argument

6. The Respondent has created an arbitrary Order that is unconstitutional on its face and as applied. Respondent's Order is a clear violation of Petitioner's constitutional rights. The Order arbitrarily allows some business to open and others to remain closed. In addition, but not limited to, arbitrary county lines in which would disparately affect some businesses and not others of the same business type.

7. Had Petitioner worked at a restaurant North of the Palm Beach County line she would be back at work, but because she works at a bar in Palm Beach County she is not. There is no way for Respondent's Order to be enforced fairly, which is why the Respondent doesn't have this power in the first place. Respondent's actions in ordering the closure of some businesses based on location and type and not others is evidence of the arbitrary nature of Respondent's action and is precisely why this power was not granted in the United States Constitution.

## United States Constitution

8. The First Amendment of the United States Constitution states as follows: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

9. The Ninth Amendment of the United States Constitution states "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

10. The Fourteenth Amendment of the United States requires due process of law before stripping people of their rights. Section 1 states as follows: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

11. Respondent's Order not only violates the United States Constitution, but it also violates the Florida Constitution, accordingly. Wherein, the States can only afford additional protections to citizens not less.

## Florida Constitution

12. Specifically, Article 1, Section 1 of the Florida Constitution states as follows: "All political power is inherent in the people. The enunciation herein of certain rights shall not be construed to deny or impair others retained by the

people." In essence, Respondent's exercise of his power as Governor cannot impinge on the rights of the people. The rights of the people must always prevail.

13. Article I, Section 2, the Basic Rights clause of the Florida Constitution, states that everyone be treated equally within the law. "All natural persons, female and male alike, are equal before the law and have inalienable rights, among which are the right to enjoy and defend life and liberty, to pursue happiness, to be rewarded for industry, and to acquire, possess and protect property. No person shall be deprived of any right because of race, religion, national origin, or physical disability." Florida Constitution Article I, Section 2.

14. Article I, Section 5, of the Florida Constitution guarantees the right to peaceably assemble. "The people shall have the right peaceably to assemble, to instruct their representatives, and to petition for redress of grievances." Florida Constitution Article I, Section 5.

15. Article IV, Section 1, specifically enumerates Respondent's power as the Governor of the State of Florida. "The supreme executive power shall be vested in a governor, who shall be commander-in-chief of all military forces of the state not in active service of the United States. The governor shall take care that the laws be faithfully executed, commission all officers of the state and counties, and transact all necessary business with the officers of government." Florida Constitution Article IV, Section 1.

16. On April 29, 2020, Respondent extended an order requiring Petitioner's place of work, a bar, to remain closed indefinitely. Respondent entered an order prohibiting Petitioner from returning to her place of employment.

17. Nowhere in the Florida Constitution is Respondent authorized to take such action.

18. In fact, Respondent's actions are a clear violation of Petitioner's rights.

19. Respondent has violated Petitioner's Fourteenth Amendment right to due process of law.

**Elements Required for Emergency Injunctive Relief**

20. Petitioner cause establishes the elements required to be granted emergency injunctive relief. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

   A.    Respondent has no legal authority to order Petitioner's place of work closed indefinitely under the United States Constitution or under the Florida Constitution. Additionally, the Fourteenth Amendment of the United States Constitution requires due process of law which Petitioner was, beyond any shadow of a doubt, denied.

   B.    Petitioner's employment has been effectually terminated for the past seven weeks with no end in sight. Lost revenue combined with debt that mounts daily is, without a doubt, causing irreparable harm. With every passing day, the losses mount and the debts increase.

   C.    Respondent, in his official capacity, will suffer no harm if his unlawful Order is vacated and rendered null and void. Respondent is not liable in the event the relief requested is granted. Respondent cannot be sued or held accountable in any way.

   D.    The public interest would be clearly served by vacating an illegal act of the government. Countless other businesses are subjected to the same unlawful Order.

21. Nothing requested in this petition impinges on the rights of any other citizen of the State of Florida.

22. Businesses are free to remain closed, require social distancing or masks, and citizens are free to stay home and not patronize any business.

23. For example, the NFL is free to play games in empty stadiums. Movie theaters can remain closed. School boards are free, on their own initiative, to maintain "distance learning."

24. Petitioner's cause of action is solely related to the lack of authority of Respondent to enter these orders.

**Conclusion and Relief Sought**

25. Therefore, pursuant First Amendment; Ninth Amendment; and Fourteenth Amendment of the United States Constitution; and Article I, Section 1, 2, and 5; Article IV section 1 of the Florida Constitution Petitioner's right of life, liberty, happiness, industry, equality, and due process have been violated.

26. Based on the emergency nature under these circumstances we are asking the Court to place this case on the docket as soon as possible for a hearing.

WHEREFORE, Petitioner, respectfully moves this honorable Court to hold an immediate hearing on this complaint to vacate and render null and void Respondent's Order of April 29, 2020 and the prior Orders regarding same.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and delivered to Respondent at the Executive Office of the Governor at  governorron.desantis@eog.myflorida.com and to Joe Jacquot Chief Legal Advisor for Office of General Counsel joe.jacquot@eog.myflorida.com on this 1st day of May, 2020.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted,

BY: /s/  Cory Strolla

**CORY C. STROLLA, ESQ.**

Attorney for the Petitioner
777 South Flagler Drive
West Tower Suite 800
West Palm Beach, Florida 33401
Tel: (561) 802 8987
Attorney@Strollalaw.com
Fla. Bar No.: 0137480


Respectfully submitted,

BY: */s/ Donna Peterson*

**DONNA PETERSON, ESQ.**
Co-counsel for Petitioner
300 S. Biscayne Blvd | #3616
Miami, Florida 33131
Tel: 239.464.2041
dpetersonlawllc@gmail.com
Florida Bar Number 112691

# Exhibit A

# STATE OF FLORIDA
## OFFICE OF THE GOVERNOR
## EXECUTIVE ORDER NUMBER 20-112

(Phase 1: Safe. Smart. Step-by-Step. Plan for Florida's Recovery)

**WHEREAS,** on March 9, 2020, I issued Executive Order 20-52 declaring a state of emergency for the entire State of Florida as a result of COVID-19; and

**WHEREAS,** on April 3, 2020, I issued Executive Order 20-91 and Executive Order 20-92 directing all persons in Florida to limit their movements and personal interactions outside of their home only to those necessary to obtain or provide essential services or conduct essential activities; and

**WHEREAS,** my administration has implemented a data-driven strategy devoted to high-volume testing and aggressive contact tracing, as well as strict screening protocols in long-term care facilities to protect vulnerable residents; and

**WHEREAS,** data collected by the Florida Department of Health indicates the State has achieved several critical benchmarks in flattening the curve, including a downward trajectory of hospital visits for influenza-like illness and COVID-19-like syndromic cases, a decrease in percent positive test results, and a significant increase in hospital capacity since March 1, 2020; and

**WHEREAS,** during the week of April 20, 2020, I convened the Task Force to Re-Open Florida to evaluate how to safely and strategically re-open the State; and

**WHEREAS,** the path to re-opening Florida must promote business operation and economic recovery while maintaining focus on core safety principles.

**NOW, THEREFORE, I, RON DESANTIS,** as Governor of Florida, by virtue of the authority vested in me by Article IV, Section (1)(a) of the Florida Constitution and Chapter 252, Florida Statutes, and all other applicable laws, promulgate the following Executive Order:

<u>Section 1.</u>     Phase 1 Recovery

In concert with the efforts of President Donald J. Trump and the White House Coronavirus Task Force, and based on guidance provided by the White House and the Centers for Disease Control and Prevention (CDC), the Occupational Safety and Health Administration (OSHA), and the Florida Surgeon General and State Health Officer, Dr. Scott Rivkees, I hereby adopt the following in response to the recommendations in Phase 1 of the plan published by the Task Force to Re-Open Florida.

<u>Section 2.</u>     Responsible Individual Activity

A. All persons in Florida shall continue to limit their personal interactions outside the home; however, as of the effective date of this order, persons in Florida may provide or obtain:

    1. All services and activities currently allowed, *i.e.*, those described in Executive Order 20-91 and its attachments, which include activities detailed in Section 3 of Executive Order 20-91, the U.S. Department of Homeland Security in its Guidance on the Essential Critical Infrastructure Workforce and a list propounded by Miami-Dade County in multiple orders (as of April 1, 2020), as well as other services and activities approved by the State Coordinating Officer. Such services should continue to follow safety

2

guidelines issued by the CDC and OSHA. If necessary, employee screening or use of personal protective equipment should continue.

2. Additional services responsibly provided in accordance with Sections 3 and 4 of this order in counties other than Miami-Dade, Broward and Palm Beach. In Miami-Dade, Broward and Palm Beach counties, allowances for services and activities from Sections 3 and 4 of this order will be considered in consultation with local leadership.

B. Except as provided in Section 2(A)(1) of this order, senior citizens and individuals with a significant underlying medical condition (such as chronic lung disease, moderate-to-severe asthma, serious heart conditions, immunocompromised status, cancer, diabetes, severe obesity, renal failure and liver disease) are strongly encouraged to stay at home and take all measures to limit the risk of exposure to COVID-19.

C. For the duration of this order, all persons in Florida should:

1. Avoid congregating in large groups. Local jurisdictions shall ensure that groups of people greater than ten are not permitted to congregate in any public space that does not readily allow for appropriate physical distancing.

2. Avoid nonessential travel, including to U.S. states and cities outside of Florida with a significant presence of COVID-19.

3. Adhere to guidelines from the CDC regarding isolation for 14 days following travel on a cruise or from any international destination and any area with a significant presence of COVID-19.

D. This order extends Executive Order 20-80 (Airport Screening and Isolation) and Executive Order 20-82 (Isolation of Individuals Traveling to Florida), with exceptions for persons involved in military, emergency, health or infrastructure response or involved in commercial activity. This order extends Sections 1(C) and 1(D) of Executive Order 20-86 (Additional Requirements of Certain Individuals Traveling to Florida), which authorize the Department of Transportation, with assistance from the Florida Highway Patrol and county sheriffs, to continue to implement checkpoints on roadways as necessary.

Section 3.     Businesses Restricted by Previous Executive Orders

Unless I direct otherwise, for the duration of this order, the following applies to businesses directly addressed by my previous Executive Orders:

A. Bars, pubs and nightclubs that derive more than 50 percent of gross revenue from the sale of alcoholic beverages shall continue to suspend the sale of alcoholic beverages for on-premises consumption. This provision extends Executive Order 20-68, Section 1 as modified by Executive Order 20-71, Sections 1 and 2.

B. Restaurants and food establishments licensed under Chapters 500 or 509, Florida Statutes, may allow on-premises consumption of food and beverage, so long as they adopt appropriate social distancing measures and limit their indoor occupancy to no more than 25 percent of their building occupancy. In addition, outdoor seating is permissible with appropriate social distancing. Appropriate social distancing requires maintaining a minimum of 6 feet between parties, only seating parties of 10 or fewer people and keeping bar counters closed to seating. This provision

4

extends Executive Order 20-68, Section 3 and supersedes the conflicting provisions of Executive Order 20-71, Section 2 regarding on-premises food consumption.

C. Gyms and fitness centers closed by Executive Order 20-71 shall remain closed.

D. The prohibition on vacation rentals in Executive Order 20-87 remains in effect for the duration of this order.

E. The Department of Business and Professional Regulation shall utilize its authorities under Florida law to implement and enforce the provisions of this order as appropriate.

Section 4.     Other Affected Business Services

Unless I direct otherwise, for the duration of this order, the following applies to other business services affected by my previous Executive Orders:

A. In-store retail sales establishments may open storefronts if they operate at no more than 25 percent of their building occupancy and abide by the safety guidelines issued by the CDC and OSHA.

B. Museums and libraries may open at no more than 25 percent of their building occupancy, provided, however, that (a) local public museums and local public libraries may operate only if permitted by local government, and (b) any components of museums or libraries that have interactive functions or exhibits, including child play areas, remain closed.

Section 5.     Medical Procedures

Subject to the conditions outlined below, elective procedures prohibited by Executive Order 20-72 may resume when this order goes into effect. A hospital ambulatory surgical center, office surgery center, dental office, orthodontic office, endodontic office or other health care

5

practitioners' office in the State of Florida may perform procedures prohibited by Executive Order 20-72 only if:

A. The facility has the capacity to immediately convert additional facility-identified surgical and intensive care beds for treatment of COVID-19 patients in a surge capacity situation;

B. The facility has adequate personal protective equipment (PPE) to complete all medical procedures and respond to COVID-19 treatment needs, without the facility seeking any additional federal or state assistance regarding PPE supplies;

C. The facility has not sought any additional federal, state, or local government assistance regarding PPE supplies since resuming elective procedures; and

D. The facility has not refused to provide support to and proactively engage with skilled nursing facilities, assisted living facilities and other long-term care residential providers.

The Agency for Health Care Administration and the Department of Health shall utilize their authority under Florida law to further implement and enforce these requirements. This order supersedes the conflicting provisions of Executive Order 20-72.

Section 6.    Previous Executive Orders Extended

The Executive Order 20-69 (Local Government Public Meetings) is extended for the duration of this order.

Section 7.    Enforcement

This order shall be enforced under section 252.47, Florida Statutes. Violation of this order is a second-degree misdemeanor pursuant to section 252.50, Florida Statutes, and is punishable by imprisonment not to exceed 60 days, a fine not to exceed $500, or both.

6

<u>Section 8.</u>    Effective Date

This order is effective at 12:01 a.m. on May 4, 2020.



IN TESTIMONY WHEREOF, I have hereunto
set my hand and caused the Great Seal of the
State of Florida to be affixed, at Tallahassee, this
29th day of April, 2020.

RON DESANTIS, GOVERNOR

ATTEST:

SECRETARY OF STATE

2020 APR 29  PM 4: 52
FILED

7

Exhibit B

# STATE OF FLORIDA
## OFFICE OF THE GOVERNOR
## EXECUTIVE ORDER NUMBER 20-111
(Limited Extension of Essential Services and Activities and Vacation Rental Prohibition)

**WHEREAS,** Executive Order 20-87 expires on May 1, 2020, unless extended; and

**WHEREAS,** Executive Order 20-91 expires on May 1, 2020, unless extended.

**NOW, THEREFORE, I, RON DESANTIS,** as Governor of Florida, by virtue of the authority vested in me by Article IV, Section (l)(a) of the Florida Constitution, Chapter 252, Florida Statutes, and all other applicable laws, promulgate the following Executive Order to take immediate effect:

Section 1. I hereby extend Executive Order 20-87 until 12:01 am May 4, 2020, at which time the Order will be extended by subsequent order.

Section 2. I hereby extend Executive Order 20-91, as amended by Executive Order 20-92, until 12:01 am on May 4, 2020.



IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Great Seal of the State of Florida to be affixed, at Tallahassee, this 29th day of April, 2020.

RON DESANTIS, GOVERNOR

ATTEST:

SECRETARY OF STATE

2020 APR 29  PM 4: 52